*393 From this decretal ordfcr an appeal was made# on •1jfre following grounds :
That it was essential to the merits óffhe cause’ that hhswers of the repmentatives of Thomas Galphin* (a party to the bill Since deceased) should hhVe been received before the dissolution of* the injunction 5 that by the exhibits both of complainants and defendants, thé latter were bound to assign the judgments against George Galphin’s estate, and Galphin, Holmes & Co. in terms of the agreements between Higginson, survivor of Higgin-son & Greenwood, and Ramsay, Goodwin & Ramsay, and the assignment of Higginson, survivor as aforesaid, by W. Greenwood, jun. their attorney, and the said Wra. Greenwood, jun. in bis own right, to Thomas Ogier, and bis assignment to the defendants; or to make good and sufficient titles to the said Silverlduff estate; and that the decree was Contrary to, the equity of the case.
Goodwin, solicitor.
The appeal was argued, whereupon the Court .delivered the following judgment:
Wo are of opinion that the decree of th'c Circuit Court in this case was correct in dissolving the injunc-Ron as to the State Bank and Mr. Poinsbt. The Bank made a loan, and took.various securities for the re-payment thereof. Among others arc assignments of certain judgments against Galphin’s estate, and mortgages of negroes, and a house and lot in Charleston. Since all the circumstances have been disclosed by the answer and documents, it would be extraordinary and Unjust, that the multiplication of securities, which was intended as an inducement to the loan by-the Bank, should be converted into a source of delay in the recovery of the debt, and should be used to involve the bank in a litigation respecting the Galphin property, in Which it has rio concern or,.interest. It appears obvious, that the mortgages were taken as an additional security, and it was intended that the Bank should be at liberty to resort to any of the securities, to enforce payment.
It is therefore ordered and adjudged, that the de-. Cree of the Circuit Court be affirmed, and that the State *394 Bank and Joel II. Poinset, son and heir of Elisha Poinset, be left al liberty to pursue their claims, and enforce their remedy. But as the bank and J. II. Poinset will have no right to retain any part of the securities assigned to them after payment of the sums due to them, it is further ordered and adjudged that upon the payment of the whole sums due to the Bank and Me. Poinset, by Charles Goodwin, the representative of Ephraim Ramsay, and JDr. David Ramsay, the Bank and J. R. Poinset, instanter, and by a contemporaneous act, re-assign to them all the securities which had been placed in their hands for the purpose of securing tho debts due them.
Bacon and Goodwin, for appellants.
Simkins for respondents.
W. James,
(Signed) Hehry W. Besaussuhiv,
Theodoee Gaimaiíu,
Thomas Watibs*